IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

ROBERT LAMONT KIZER,            )
                                )
        Plaintiff,               )
                                )
v.                              )    No. 3:12-cv-846
                                )
RICK GORDON and LANCE PARKER,   )    Judge Sharp
                                )
        Defendants.              )

**MEMORANDUM OPINION**

Plaintiff Robert Lamont Kizer, a state inmate currently held in the Houston County Jail, filed this *pro se* action under 42 U.S.C. § 1983 alleging violations of his civil rights. The plaintiff proceeds *in forma pauperis*.

**I.      Standard of Review**

Having granted the plaintiff's application to proceed as a pauper, the Court must conduct an initial review of the complaint to determine if it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The Sixth Circuit has confirmed that "the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),] governs dismissals for failure to state a claim under [§ 1915(e)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Allegations in the Complaint

In the present case, the plaintiff sues police officer Rick Gordon and Community Corrections probation officer Lance Parker, apparently in their individual capacity only. The plaintiff alleges that he has been falsely imprisoned in the Houston County Jail for felony evasion of arrest and for driving on a revoked license. He alleges that Officer Gordon committed perjury at the preliminary hearing and, acting in concert with Lance Parker, engaged in racial profiling, discrimination, harassment, and defamation of character. Specifically with respect to Lance Parker, the plaintiff states that Parker engages in defamation of character, racial profiling and/or discrimination "everytime [the plaintiff is] doing right and about to complete Community Corrections [probation]," and that Parker wrongfully accuses him of a probation violation and gets away with it because the plaintiff cannot afford a lawyer and the small town public defender is overworked and does not have time to deal with his case. (ECF No. 1, at 5.) The plaintiff does not demand damages or immediate release from jail. He seeks a "hearing so facts can be seen by proper authorities," and to have both defendants "suspended and investigated." (ECF No. 1, at 5.)

## III. Conclusions of Law

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. Claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed. In addition, regardless of whether the complaint states a claim, the Court must consider as a threshold matter whether any defendants are immune from suit.

### A. The Claims Against Rick Gordon

As a city police officer, Rick Gordon may be a person acting under color of state law and subject to liability under § 1983. In the present case, however, the only factual allegations in the complaint

relating specifically to defendant Gordon are that Gordon perjured himself in court at the plaintiff's preliminary hearing. Because the plaintiff alleges that he was "falsely imprisoned" on various charges, it may also be inferred from the complaint that he believes Gordon falsely arrested him, without probable cause.

With respect to Gordon's allegedly false testimony at the preliminary hearing, a witness is absolutely immune from suit relating to testimony given in a judicial proceeding. *See Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) ("[I]t is clear that [plaintiff] would be insulated from liability for any testimony that he provided as a witness at trial, no matter how egregious or perjurious that testimony was alleged to have been."); *Alioto v. City of Shively, Ky.*, 835 F.2d 1173, 1174 (6th Cir. 1987) ("'[A]ll witnesses—police officers as well as lay witnesses—are absolutely immune from liability based upon their testimony in judicial proceedings.'") (quoting *Briscoe v. Lahue*, 460 U.S. 325, 328 (1983)). The claim against Gordon based on his allegedly perjured testimony is therefore subject to dismissal.

Further, to the extent the complaint can be construed to state a false-arrest or false-imprisonment claim against Gordon, this claim is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Supreme Court stated in that case, in order for a prisoner

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486–87 (emphasis in original).

The import of *Heck*, read together with other Supreme Courts cases, is that a prisoner's civil rights action "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original).

Success in this action would necessarily demonstrate the invalidity of plaintiff's arrest and imprisonment, as the plaintiff asserts that Gordon falsely arrested him on the charge that was apparently deemed to be a probation violation. The plaintiff has not demonstrated that his conviction was reversed

on direct appeal, expunged, declared invalid or in any way called into question, such as by a federal court's issuance of a writ of habeas corpus. Consequently, plaintiff's claim for false arrest is barred by *Heck*.

### B. The Claims Against Lance Parker

The factual allegations in the complaint concerning Parker are even more sparse than those concerning Gordon. It appears the plaintiff is alleging that Parker wrongfully accused the plaintiff of a probation violation and that, as a result, the plaintiff's probation was revoked. The plaintiff's factual allegations, such as they are, indicate that defendant Parker is being sued either for actions he took in his role as a probation officer, or for testifying as a witness at the plaintiff's probation-revocation proceedings.

To the extent, Parker is sued for giving testimony at a hearing, he is absolutely immune from liability. *Alioto*, 835 F.2d at 1174.

In addition, Parker is entitled to quasi-judicial immunity from liability to the extent he is sued for actions taken in his role as a probation officer. Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. Quasi-judicial immunity is granted to state officials when (1) their positions are akin to that of judges; (2) the potential for vexatious lawsuits is great; and (3) enough safeguards exist to protect the complainant's constitutional rights. *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1422 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (quasi-judicial immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune"). Based on these principles, courts have found that functioning as a probation official is a judicial function that affords quasi-judicial liability. *See Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007) (a probation officer is entitled to such quasi-judicial immunity when acting within the scope of her duties as a probation officer); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (probation officers who prepare presentence reports are closely associated with the exercise of a judicial function and entitled to absolute immunity); *Carlton v. Baird*, No. 03–1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from prisoner's § 1983 claim). Thus, to the extent the plaintiff's claims against Parker arise from Parker's presentation of information to the state court and advocating for a finding that the plaintiff had violated the terms of his probation, Parker is entitled to immunity because he was functioning as a probation officer in performing those activities.

In short, it appears that the plaintiff's complaint regarding defendant Lance Parker concerns either Parker's performance of his duties as a community corrections or probation officer, or his functioning as a witness at the plaintiff's probation hearing. In either case, Parker is entitled to absolute immunity from suit.

**IV.    Conclusion**

The plaintiff's claims arise from his disagreement with an arrest that apparently resulted in the revocation of his probation. It therefore appears that the only viable course of action for the plaintiff is to appeal his conviction through the state courts. In any event, he is barred from pursuing his claims in federal court either on the basis of *Heck v. Humphrey*, or on the basis that the defendants are immune from liability under the circumstances presented here. The complaint must therefore be dismissed.

An appropriate order will enter.

*/s/ Kevin H. Sharp*

Kevin H. Sharp
United States District Judge