IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

ROBERT LAMONT KIZER,           )
                               )
    Plaintiff,                  )
                               )
v.                             )   No. 3:12-cv-846
                               )
RICK GORDON and LANCE PARKER,  )   Judge Sharp
                               )
    Defendants.                 )

## ORDER

Plaintiff Robert Lamont Kizer is a state inmate currently housed at the Houston County Jail in Erin, Tennessee. His *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1) is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons stated in the Memorandum Opinion filed herewith, the Court finds that the complaint fails to state a claim upon which relief may be granted. The complaint is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Also pending is the plaintiff's Application to Proceed in Forma Pauperis (ECF No. 8). Because it appears from his submission that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 8) is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(b), the plaintiff is nonetheless assessed the full $350.00 civil filing fee. The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court is **DIRECTED** to send a copy of this order to the Administrator of the Houston County Jail to ensure that the custodian of the plaintiff's inmate trust fund account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. Should the plaintiff be transferred

from his present place of confinement, the custodian of his inmate trust fund account must ensure that a copy of this order follows the plaintiff to his new place of confinement. All payments made pursuant to this order must be forwarded to the Clerk of Court for the Middle District of Tennessee.

The plaintiff's request for appointment of counsel is **DENIED AS MOOT**.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge